UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SCOTT SAFONT,

                          Plaintiff,

               -against-
                                                    **ORDER**

FORSTER & GARBUS, LLP, LVNV           18 CV 00356 (WFK) (CLP)
FUNDING LLC, SHERMAN FINANCIAL
GROUP, LLC, MARK A. GARBUS, and
RONALD FORSTER,

                          Defendants.
----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

On January 18, 2018, Scott Safont ("Safont" or "plaintiff"), on behalf of himself and all others similarly situated, commenced this action against Forster & Garbus, LLP, LVNV Funding LLC, Sherman Financial Group, LLC, Mark A. Garbus, and Ronald Forster (collectively, "defendants"), pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. According to the Complaint, this case stems from a lawsuit filed by Forster & Garbus, LLP on behalf of LVNV Funding LLC to recover a past due debt owed to LVNV.

On February 1, 2019, plaintiff filed a letter informing the Court of discovery disputes over certain documents withheld by defendants. (Pl.'s Ltr.[1]). Specifically, defendants have objected to plaintiff's Interrogatories Nos. 1-10, and Requests for Production Nos. 2-14, 23, 24, and 26-32.[2] Defendants argue that the requests are overbroad, burdensome, vague, and seek legal conclusions. Plaintiff alleges that defendants' objections are conclusory and therefore

---

[1] Citations to "Pl.'s Ltr." refer to plaintiff's letter regarding the impropriety of defendants' objections, dated February 1, 2019, ECF No. 34.
[2] Plaintiff lists Request for Production No. 29 twice in his letter. (Pl.'s Ltr. at 1). Moreover, although plaintiff references Requests No. 30-32 at the beginning of his letter, he fails to address them again in any detail. Accordingly, the Court makes no decision on those requests.

improper.

For the reasons set forth below, the Court grants plaintiff's request for responses in part and denies it in part.

A. Legal Standards

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery in federal court cases. Rule 26(b)(1) "authorizes discovery of any 'nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" Garcia v. Benjamin Group Enterprise Inc., 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (quoting Fed. R. Civ. P. 26(b)(1)). "'Relevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on any issue that is or may be in the case.'" Crosby v. City of New York, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). While the scope of discovery is "broad," it is not "limitless." Fears v. Wilhelmina Model Agency, Inc., No. 02 CV 4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004). Further, as specified in the amended Rule 26, discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Thus, the Rule requires the Court to limit the extent of discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Id.; Fed. R. Civ. P. 26(b)(2)(C).

B. Analysis

The Court will address the requests in the order that the parties discuss them.

1. Request for Production No. 4

Request for Production No. 4 seeks documents that show each seller of the account associated with plaintiff. (Reqs.[3] at 4). Defendants previously indicated that they did not possess the requested documents. In defendants' latest response, they indicate that "they have no documents responsive to this request." (Defs.' Ltr.[4] at 2). The Court therefore finds that this dispute is resolved.

2. Requests for Production Nos. 23, 24, and 29

Plaintiff argues that his Requests for Production Nos. 23, 24, and 29 are relevant to the claims in the Complaint. Request No. 23 seeks procedures, work standards, manuals, instructions, and guidance "issued to Forster & Garbus, LLP by or on behalf of LVNV Funding LLC or regarding Forster & Garbus, LLP's work for LVNV Funding LLC." (Reqs. at 10). Request No. 24 seeks a copy of the agreement between "LVNV Funding LLC and Forster & Garbus, LLP, between Resurgent Capital Services LP and Forster & Garbus, LLP, and/or between Sherman Financial Group, LLC and Forster & Garbus, LLP." (Id. at 11). Request No. 29 seeks information relating "to the collection, ownership, and beneficial interest in the collection of the debt" at issue in this case. (Id. at 12).

According to plaintiff, Requests for Production Nos. 23, 24, and 29 are relevant because they pertain to the allegation that LVNV, Resurgent, and Sherman are vicariously liable for the acts of Forster & Garbus, LLP and each other. (Pl.'s Ltr. at 3 (citing Plummer v. Atl. Credit & Fin., Inc., 66 F. Supp. 3d 484, 486 (S.D.N.Y. 2014))). Defendants claim that plaintiff appears to

---

[3] Citations to "Reqs." refer to Defendants' Joint Responses to Plaintiff's First Request for Production of Documents, attached to plaintiff's letter, ECF No. 34-1.
[4] Citations to "Defs.' Ltr." refer to defendants' letter in response to plaintiff's letter, dated February 11, 2019, ECF No. 36.

be seeking the retainer agreement between the defendant law firm and the other defendants. (Defs.' Ltr. at 2). Defendants further contend that "[t]here is no dispute that the law firm acted on behalf of its client, LVNV Funding," and allege that there is no basis for plaintiff's attempt "to involve other related corporate entities in this action." (Id.) Therefore, defendants argue, the documents requested would not provide information pertinent to the claims in the Complaint. (Id.) With respect to No. 29 in particular, defendants claim that the phrase, "beneficial interest in the collection of the debt" is vague and request that plaintiff clarify its request. (Id.)

The Court finds that Requests Nos. 23 and 24 are reasonably calculated to lead to the discovery of admissible evidence, and directs defendants to respond. See Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508, 515-16 (S.D.N.Y. 2013) (noting that a corporation that "itself meets the definition of 'debt collector' may be held vicariously liable for unlawful collection activities carried out by another on its behalf"). With respect to Request No. 29, the Court finds the phrasing to be vague, and Orders plaintiff to revise his request.

        3.   Requests for Production Nos. 26, 27, and 28 and Interrogatories 3 and 4

Request No. 26 seeks "the notes, documents, spreadsheets, Excel files, and electronic files sent to Forster & Garbus, LLP" before plaintiff was served with the lawsuit for past due debt. (Reqs. at 11). Request No. 27 seeks "a copy of the document(s) setting forth the actions which Forster & Garbus, LLP requires of their attorneys regarding the documents and information to be reviewed before one of their attorneys signs a Summons and Complaint and approves it for filing and service." (Id. at 11-12). Request No. 28 seeks "the notes, documents, spreadsheets, Excel files, and electronic files reviewed by the attorney" in this matter before that attorney signed the complaint against plaintiff. (Id. at 12). Defendants object to these requests, characterizing them as vague, irrelevant, and burdensome. (Id. at 11-12). However, with respect

to Requests Nos. 26 and 28, defendants direct plaintiff to the documents that were previously produced, bearing Bates Nos. 1-70. (Id.) For Request No. 27, defendants argue that the documents are protected by attorney-client privilege and the work product doctrine. (Id. at 12).

Interrogatory No. 3 requests "the name and address of each person who was involved in approving" the complaint against plaintiff. (Interrogs.[5] at 4). Defendants argue that this request is "improper and frivolous and is designed to harass." (Id.) Interrogatory No. 4 seeks the information that "Forster & Garbus, LLP requires its attorneys to review and ensure exist or can be obtained prior to the time a lawsuit on behalf of a debt buyer is approved for filing and service." (Id.) Defendants claim that this interrogatory is overbroad and seeks information that is protected by the attorney client privilege and work product doctrine. (Id.)

With respect to these requests, plaintiff argues that because they seek information concerning whether Forster & Garbus, LLP conducted a meaningful attorney review, such information is relevant to the claims in the Complaint. (Pl.'s Ltr. at 4). Defendants argue that these requests are not relevant because the Complaint does not allege a lack of meaningful attorney involvement. (Defs.' Ltr. at 3).

The FDCPA prohibits, inter alia, "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). The Second Circuit has held that "some degree of attorney involvement is required before a letter will be considered 'from an attorney' within the meaning of the FDCPA." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 301 (2d Cir. 2003). Contrary to defendants' representation, plaintiff alleges in his Complaint that Forster & Garbus, LLP "failed to conduct a 'meaningful

---

[5] Citations to "Interrogs." refer to Defendants' Joint Responses to Plaintiff's First Set of Interrogatories, attached to plaintiff's letter, ECF No. 34-2.

attorney review' prior to filing and/or serving" the lawsuit against plaintiff. (Compl.[6] ¶ 74). Moreover, the Court finds that plaintiff's requests are not vague; rather, they are limited in scope and clearly identify the documents that are sought. Accordingly, the Court finds that the information sought by Requests for Production Nos. 26, 27, and 28 and Interrogatories 3 and 4 are relevant, and directs defendant to respond to them.

To the extent that defendants believe that some of the requested documents are protected by the attorney client privilege or the work product doctrine, they are directed to provide a privilege log in accordance with Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 26.2 of the Local Rules of the United States District Court for the Eastern District of New York.

    4. <u>Requests for Production Nos. 16 and 17</u>

With respect to Requests for Production Nos. 16 and 17, plaintiff requests that defendants revise their responses to indicate that they have no responsive documents besides the documents bearing Bates Nos. 1-70. (Reqs. at 8). Defendants indicate that they will make this revision (Defs.' Ltr. at 3), so the Court finds that this dispute is resolved.

    5. <u>Class Discovery</u>

Plaintiff explains that Requests Nos. 2, 3, and 5-14, as well as Interrogatories 1, 2, and 5-10 are relevant in order to determine whether a class can be certified. (Pl.'s Ltr. at 4). Defendants allege that Requests Nos. 2 and 3, as well as Interrogatories Nos. 1 and 2 are overbroad and disproportional to the case. (Defs.' Ltr. at 3). Request No. 2 seeks "[a] copy of each lawsuit filed by Defendant Forster & Garbus, LLP against an individual between March 1,

---

[6] Citations to "Compl." refer to plaintiff's Consolidated Complaint, filed on July 10, 2018, ECF No. 29.

2017 and the present to attempt to collect debt, where Defendant LVNV Funding LLC is the creditor." (Reqs. at 4). Request No. 3 seeks "a copy of each notice or communication sent to the debtor notifying the debtor of the assignment of the debt" for each lawsuit responsive to Request No. 2. (Id.) Interrogatory No. 1 requests "the number of letters materially identical or substantially similar" to the one that plaintiff received. (Interrogs. at 4). Interrogatory No. 2 requests "the number of lawsuits filed by Defendant Forster & Garbus, LLP against an individual between March 1, 2017 and the present to attempt to collect debt, where Defendant LVNV Funding LLC is the creditor, and which one or more Defendants is treating or has designated or classified or labeled the debt as a consumer debt." (Id.)

Plaintiff indicates that he will accept a stipulation by defendants as to numerosity in lieu of the documents and information relevant to class certification. (Pl.'s Ltr. at 5). Defendants do not address this offer in their letter. Accordingly, the Court directs defendants to indicate whether they are amenable to stipulating to numerosity. Moreover, plaintiff is directed to clarify what he means in Interrogatory No. 2 when he seeks information about "an" individual.

With respect to the remaining requests, defendants argue that Requests Nos. 5-14 and Interrogatories Nos. 5-10 relate to defendants' finances, which are invasive and unwarranted at this stage. (Id.) Moreover, defendants assert that there are "serious issues regarding who are even the proper parties" in this case. (Id.) Specifically, Requests Nos. 5-12 seek the financial statements and audited Balance Sheets from the most recent fiscal year of LVNV Funding LLC, Forster & Garbus, LLP, Resurgent Capital Services LP[7], and Sherman Financial Group, LLC. (Reqs. at 5-7). Defendants claim that these requests are vague because the term "fiscal year" is

---

[7] Resurgent Capital Services LP is not a defendant in this case, but is a defendant in Safont v. Forster & Garbus, LLP, et al., No. 18 CV 1321 (E.D.N.Y.). The Honorable William F. Kuntz, II consolidated these two cases on June 21, 2018.

"subject to various interpretations." (Id.) Moreover, defendants argue that the requests are premature since it has not yet been determined whether class treatment is appropriate. (Id.) Requests Nos. 13 and 14 seek the net worth of Mark A. Garbus and Ronald Forster. (Id. at 7-8). Defendants object to these requests, arguing that the term "net worth" is vague and meant to harass defendants, because plaintiff has not provided a "good faith basis" for their inclusion in the lawsuit. (Id.)

In an FDCPA class action, damages are limited to the "lesser of $500,000 or 1% of the debt collector's net worth." 15 U.S.C. § 1692k(a)(2)(B)(ii). Therefore, courts in this Circuit have allowed "discovery of a defendant's underlying financial data relevant to the issue of defendant's net worth." Hallmark v. Cohen & Slamowitz, Midland Funding LLC, 302 F.R.D. 295, 300 (W.D.N.Y. 2014). Specifically, courts have permitted discovery regarding individual defendants' net worth "where the defendant sought to be held liable personally engaged in the prohibited conduct." Miller v. Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP, No. 10 CV 2156, 2011 WL 6105033, at *2 (E.D.N.Y. Dec. 7, 2011) (citing cases). Accordingly, the Court directs defendants to respond to Requests Nos. 5-14 and Interrogatories Nos. 5-10. Even if there is uncertainty as to the proper parties for this case, the Court finds that the requests are reasonably calculated to lead to the discovery of admissible evidence. In addition, although defendants claim that plaintiff seeks to harass defendants by making this request, they have failed to explain how such a request is harassing.

## CONCLUSION

In light of the foregoing, the Court grants plaintiff's request in part and denies it in part.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 3, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York